Ronald M. Horwitz, Esq., #005655
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for WELLS FARGO DEALER SERVICES, INC., fka WACHOVIA DEALER SERVICES, INC.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

RICHARD J. ZIMMER and
LINA M. ZIMMER

Debtors.

Chapter 13

**NO. 2-10-bk-07210-SSC**

**OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

COMES NOW, WELLS FARGO DEALER SERVICES, INC. FKA WACHOVIA DEALER SERVICES, INC., ("WELLS FARGO"), by and through its attorney undersigned, and hereby objects to the confirmation of the Debtors' Plan as currently proposed. WELLS FARGO is the holder of a secured claim against the above named Debtors in the amount of $13,842.04, plus accruing interest, at the rate of 9.50%. Said sum is secured by a lien on a 2006 CHRYSLER PT CRUISER-VIN #3A8FY7BG86T375653 purchased by the Debtors from WELLS FARGO's assignor on or about April 29, 2008. A copy of said Contract and Title showing WELLS FARGO's liens are attached as Exhibits "A" and "B".

The Debtors filed this case on March 17, 2010, six hundred eighty seven (687) days after purchasing the vehicle. Clearly, the debt was incurred for the purchase of a vehicle within the 910 day period preceding the date the case was filed. WELLS FARGO is objecting to the Plan of the Debtors and is requesting that it not be confirmed because it fails to provide the Creditor the protection required under 11 U.S.C. §1325(a)(5) for the value of the vehicle. The Debtors' Plan

43443-92443/RMH/JMC2/798611_v1

has a value of $5,055.00. However, it is WELLS FARGO's position that pursuant to §1325(a)5, it is entitled to payment of the balance due on the contract, to wit: $13,842.04 plus interest.

Furthermore, the Plan does not provide for the payments to begin immediately in an amount that would protect WELLS FARGO's collateral against depreciation. 11 U.S.C. §361 provides that adequate protection may be provided by:

> **"requiring the trustee (or debtor in possession) to make a cash payment or periodic cash payment to such entity, to the extent that the stay under §362 of this title, use, sale, or lease under §363 of this title or any grant of a lien under §364 of this title results in a decrease in the value of such entities interest in such property."**

The Debtors may argue that because this Creditor is being paid its value of the property in the Plan that it is adequately protected. However, in light of the fact that this property is depreciable, waiting several months does not offer adequate protection to Movant's interest in this property, especially if the Plan is not confirmed or if the Debtors do not make payments thereunder. Thus, to the extent that this vehicle depreciates in value, WELLS FARGO is being deprived the Fifth Amendment protection of their property rights, and at this time for the Court to continue to wait to determine whether or not the Plan will be confirmed the first time around is totally inappropriate. As such, relief should issue in this matter for the immediate payment of adequate protection payments in the amount of $85.00, until confirmation of the Plan and until regular Plan payments begin in order to protect WELLS FARGO's property against any further erosion of its value.

With respect to the release of its lien, WELLS FARGO will not release its lien with respect to its vehicle until such time as the contract balance plus interest is paid in full.

Finally, said Plan assigns an interest rate of 4.25% as part of WELLS FARGO's secured value. It is WELLS FARGO's position that it is entitled to its Contract rate of 9.50% on the secured portion of the claim, or at the very least under the "prime plus" formula, 6.25% which is the current prime rate of 3.25% plus an upward adjustment of 3.00%, *Till vs. SCS Credit Corp., 541 U.S. 465 (2004).*

WHEREFORE, for the reasons stated above, it is respectfully requested that this Court order the Debtors to begin making immediate payments of $85.00 per month beginning with the first payment made to the Trustee and that said payments are to continue through the Trustee until Confirmation of the Plan and regular Plan payments begin. In addition, it is also requested that in the event of dismissal or conversion of this case that the Trustee pay over to WELLS FARGO the minimum sum of $85.00 from each payment received from the Debtors as adequate protection payments to the extent that those payments had not been previously made to WELLS FARGO. It is also requested that Plan confirmation be denied unless the Debtors submit a Plan in which WELLS FARGO's contract balance is reflected and the appropriate rate of interest is provided for.

RESPECTFULLY SUBMITTED this 26th day of April, 2010.

**JABURG & WILK, P.C.**

s/ Ronald M. Horwitz
Ronald M. Horwitz
Attorneys for Movant

**COPY** of the foregoing mailed this 26th day of April, 2010 to:

RICHARD J. ZIMMER
LINA M. ZIMMER
P.O. Box 6046
Sun City, AZ 85376

BRIAN C. DAULT
Dault & Associates
908 W. Chandler Blvd., Suite D
Chandler, AZ 85225

EDWARD J. MANEY
P.O. Box 10434
Phoenix, AZ 85064-0434

s/ Jeanette Chavez